# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| Nora Beltran and Arsenio Beltran, ) | Case No. 04 B 3983 |
| ) | |
| Debtors. ) | |
| ) | Honorable John D. Schwartz |
| _____ ) | |
| ) | |
| Kin Care, Inc., ) | Adv. No. 04 A 3130 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Nora Beltran and Arsenio Beltran, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on the motion for summary judgment filed by the plaintiff, Kin Care, Inc ("Kin Care"). For the reasons set forth below, the motion is granted in part and denied in part.

### Background

On December 17, 2003, after a trial, the Circuit Court of Cook County ruled from the bench in favor of Kin Care and against the defendants Nora Beltran and Arsenio Beltran ("Debtors") on a complaint alleging breach of contract and misrepresentation ("State Court Ruling"). On February 3, 2004, the Debtors filed a voluntary petition for bankruptcy protection under chapter 7 of the Bankruptcy Code (11 U.S.C. §101 et seq.). On February 11, 2004, the Circuit Court of Cook County entered an order awarding to Kin Care actual damages of $157,500

and punitive damages of $50,000. On July 15, 2004, Kin Care filed an adversary complaint seeking to bar the discharge of its debt pursuant to §523(a)(2)(A) of the Bankruptcy Code in Count I and seeking to bar the Debtors' discharge pursuant to §727(a)(3) and (a)(4) of the Bankruptcy Code in Count II. On July 6, 2006, this motion for summary judgment on both counts of the complaint was filed with proof of service on the Debtors. With the motion, a Statement of Uncontested Facts, pursuant to Local Bankruptcy Rule 7056-1 was filed. A briefing scheduled was set forth in an order entered on July 11, 2006 and served on all parties. The Debtors filed a response and no further papers were filed.

The facts, as alleged in Kin Care's Statement of Material Facts, are as follows. During the fall of 2000, Kin Care and the Debtors began negotiating a lease agreement under which Kin Care would lease the property known as 3731 Cindy Lane, Glenview, Illinois ("Property") for use as a residence for elderly and disabled persons. At that time, the Debtors claimed to be the owners of the Property. The Debtors prepared a lease, which they signed and sent to Kin Care for signature. Changes were then made to the lease and signed by all of the parties. Two payments were made to the Debtors by Kin Care, one in the amount of $3500 and another in the amount of $2500. The payments were security deposits.

The executed lease agreement was sent via facsimile to the Debtors' counsel on or about March 16, 2001. The Debtors attempted to withdraw their agreement through another lawyer by letter, dated March 22, 2001. By the time of the breach, Kin Care had already made arrangements for clients to move to the Property. The Debtors claimed at the time of the breach that they were not legal owners of the Property and did not have the authority to lease the Property. The Circuit Court found that the Debtors always knew the ownership status of the

Property. After the breach, the Debtors opened their own care facility at the Property. They had obtained all of Kin Care's information regarding the business of running such a facility. The Debtors hired an employee who was previously employed by Kin Care.

The State Court Ruling made the following relevant findings.

> The credibility of Dr. Beltran, I must say in all candor, was at all times questionable. There is very little of anything that Dr. Beltran said on the stand should the court put any faith or belief in. I believe that there was the necessity on Dr. Beltran to prevaricate on almost every issue of consequence in this case, and that is without question in my mind. There were so many times that there were statements that were simply inconsistent, absolutely unbelievable ... she admits she signed the deed to her son but really had no idea what she was signing, she simply didn't know.
>
> \*   \*   \*
>
> In 32 years I must say that this is one of the most amazing cases to me of people taking the oath and deciding to testify regardless of what the oath said.
>
> \*   \*   \*
>
> ... when she admitted that she had the meeting on the 15th of March, 2001, with the Plaintiff and saying, gee, I am so sorry, I don't know what happened here, I don't even own the house, my kid owns the house, I didn't know it, I had no idea my son owned the house, that was a lie. Of course she knew it.
> When she then said, gee, my son wants to move into the house now, that was a lie. Of course he didn't. It is a lie and was a lie and remains to be a lie, because the documentation really just shows it was a lie.
>
> \*   \*   \*
>
> Gee, I am sorry, Ms. Plaintiff, take a walk, it's my business, thanks for the idea, thanks for the research, thanks for the legwork, thanks for Linda Walls, now it's mine, take a hike. Amazing.
>
> \*   \*   \*
>
> [The Beltrans] knew about the warranty deed, about the power of attorney. They knew everything at all times.
>
> \*   \*   \*
>
> They misrepresented themselves to [Kin Care]. They continued to do that.
> [Kin Care] had expended sums of money. Just Plaintiff's Exhibit No. 9 certainly is evidence of that, the brochure, and attempting to find clients, and I believe they were able to find clients.
> The court finds there was also misrepresentation to the extent, within the court's opinion, punitive damages are applicable in this case.
> So the court finds for [Kin Care] on both Count I and Count II.

### Discussion

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Federal Rule of Civil Procedure 56, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056 which provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The purpose of summary judgment is to avoid unnecessary trials when there are no genuine issues of material fact in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating all elements of the cause of action, Bombardier Capital, Inc. v. Dobek, 278 B.R. 496, 501 (Bankr. N.D. Ill. 2002), as well as showing that no genuine issue of material fact is in dispute and that judgment in its favor should be granted as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Pursuant to Local Bankruptcy Rule 7056-1, the moving party is required to file with its motion a statement of material facts as to which the moving party contends there is no genuine issue, including specific references to the affidavits, parts of the record and other supporting materials relied upon to support the facts. The party opposing a summary judgment motion is required by Local Bankruptcy Rule 7056-2 to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon." Local Bankr. R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.

R. 7056-2B.

The Debtors have not filed the statement required by Local Bankr. R. 7056-2. The Seventh Circuit has upheld strict application of local rules regarding motions for summary judgment. See Dade v. Sherwin-Williams Co., 128 F.3d 1135, 1139-1140 (7th Cir. 1997).

> Compliance with the Local Rules is not a mere technicality. The Court relies greatly upon the information presented in these statements in separating the facts about which there is a genuine dispute from those about which there is none. American Ins. Co. v. Meyer Steel Drum, Inc., 1990 WL 92882 at *7 (N.D. Ill. June 27, 1990). This Court "should not be required to guess whether the facts asserted by the opposing part[y] are in direct conflict or scour the record in search of a party's evidence." Fotsch v. Eli Lilly and Co., 1995 WL 238677 at *1, n.1 (N.D. Ill. Apr. 20, 1995).

In re Szombathy, 1996 WL 417121, *3 (Bankr. N.D. Ill. July 9, 1996) (discussing Local Bankr. R. 402, the predecessor to Local Bankr. R. 7056), rev'd on other grounds by Szombathy v. Controlled Shredders, Inc., 1997 WL 189314 (N.D. Ill. April 14, 1997). Because the Debtors failed to comply with Rule 7056-2, all material facts set forth in Kin Care's 7056-1 statement are deemed admitted.

Nevertheless, a federal court may not grant summary judgment without first determining if the moving party has met its burden to show that no material issue of fact remains for trial. Amaker v. Foley, C.O., 274 F.3d 677 (2nd Cir. 2001), citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 160, 90 S.Ct. 1598 (1970). See also, Fed. R. Civ. P. 56(e) with the Advisory Committee Notes to the 1963 Amendments and E.E.O.C. v. Sears, Roebuck & Co., 839 F.2d 302, 354 (7th Cir. 1988).

Discharge of the Debt Owed to Kin Care

Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge under Chapter 7 does not discharge a debtor from a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud.

To prove a cause of action under §523(a)(2)(A) of the Bankruptcy Code Kin Care has to show that: (1) the Debtors obtained money through a misrepresentation; (2) the Debtors had an actual intent to defraud; and (3) Kin Care reasonably relied on the misrepresentation. In re Maurice, 21 F.3d 767 (7th Cir. 1994).

Kin Care seeks to rely on collateral estoppel or "issue preclusion", a doctrine in which "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Chicago Truck Drivers v. Century Motor Freight, Inc., 125 F.3d 526, 530 (7th Cir. 1997). In order to rely on collateral estoppel, Kin Care must show that: (1) the issue sought to be precluded must the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) it must have been determined by valid and final judgment; and (4) the determination must have been essential to the prior judgment. In re Vernon L. Condict, 71 B.R. 485 (Bankr. N.D. Ill. 1987).

Collateral estoppel does not apply in this case because the judgment, entered on February 11, 2004, was not final when the Debtors filed their case on February 3, 2004.

Nevertheless, deeming admitted all the material facts set forth in Kin Care's 7056-1 statement, Kin Care has established that a fraud occurred, that the Debtors intended to defraud

Kin Care and that the fraud created the debt at issue. Kin Care states that the Debtors claimed to be the owners of the Property when they entered into the lease. The statement goes on to declare that the Debtors claimed at the time of the breach that they were not legal owners of the Property and did not have the authority to lease the Property. It states further that the Circuit Court found that the Debtors always knew the ownership status of the Property. After the breach, the Debtors opened their own care facility at the Property. They had obtained all of Kin Care's information regarding the business of running such a facility and the Debtors hired an employee who was previously employed by Kin Care. These facts point to an intentional misrepresentation. Further, Kin Care states that by the time of the breach, Kin Care had already made arrangements for clients to move to the Property indicating that Kin Care relied on the misrepresentations and was damaged by them.

Finally, in spite of the fact that collateral estoppel does not apply here, the court is mindful of the findings made by Circuit Court that the Debtors misrepresented their ownership of the Property and that the misrepresentation was purposeful. The Circuit Court found that the Debtors knew at the time that they entered into the contract that they were promising to lease property that they did not own. The court specifically found that there was a misrepresentation and that Kin Care relied on that misrepresentation to its detriment. The court also found that the Debtors had the intent to perpetrate a fraud and that punitive damages were therefore warranted.

Accordingly, in reliance on the uncontroverted 7056-1 statement, summary judgment is awarded to Kin Care on its cause of action pursuant to §523(a)(2)(A).

Bar of Debtors' Discharge

Kin Care also states a cause of action in its complaint seeking to bar the Debtors' discharge pursuant to §727(a)(3) and (a)(4) of the Bankruptcy Code.

Section 727(a)(3) of the Bankruptcy Code provides for the withholding of a debtor's discharge if he conceals, destroys, mutilates, falsifies or fails to maintain records from which his financial condition or business transactions might be ascertained. Section 727(a)(4) of the Bankruptcy Code provides for the denial of a debtor's discharge if the debtor knowingly makes a false oath in connection with the bankruptcy case. Kin Care did not state any facts in its statement of material facts to support this cause of action and therefore, the court must deny summary judgment on this cause of action.

## Conclusion

For the foregoing reasons, Kin Care's motion for summary judgment will be granted as to Count I and denied as to Count II.

**ENTERED:**

Date: **November 30, 2006**

John D. Schwartz
United States Bankruptcy Judge